UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:15-cr-11 |
| v. ) | |
| ) | Judge Mattice/Steger |
| CHRISTIAN TORRES OJEDA ) | |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), the undersigned United States Magistrate Judge conducted a plea hearing in this case on September 15, 2016. Based on Defendant's appearances before the Court at the inception of this case, I did have some concerns as to Defendant's competence to understand the charges against him and to enter an informed plea. As a result, I adjourned Defendant's original rearraignment after determining that Defendant did not seem to understand the questions being posed by the Court in connection with his decision to enter a guilty plea. Following the adjournment of that proceeding, Defendant filed an unopposed motion for a mental examination [Doc. 18] and the Court entered an Order of Commitment for Mental Evaluation [Doc. 19]. After Defendant's mental evaluation and the Court's receipt of a written forensic evaluation, the Court entered an Order finding Defendant competent to understand the nature and consequences of the proceedings against him and to properly assist in his defense. As a result, Defendant's rearraignment was rescheduled to take place on September 15, 2016.

Because of Defendant's problems with verbal comprehension, in preparation for the rearraignment, I worked with Defendant's counsel and the AUSA to simplify the plea colloquy to make it understandable to the Defendant. During the hearing, I repeated and explained questions in an effort to assure that Defendant understood what he was being asked.

1

At the rearraignment on September 15, 2016, Defendant entered a plea of guilty to Counts Two and Four of the Indictment in exchange for the undertakings made by the Government in the written Plea Agreement [Doc. 29] and Plea Agreement Supplement [Doc. 30] (hereinafter "Plea Agreement"). On the basis of the record made at the hearing, the Court finds that Defendant is capable and competent to enter an informed plea; the plea is made knowingly and with understanding of each of the rights waived by Defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the Plea Agreement -- which Defendant's counsel read and explained to him; Defendant understands the nature of the charges and penalties provided by law; and the plea has a sufficient basis in fact.

I therefore recommend that Defendant's plea of guilty to Counts Two and Four of the Indictment be accepted; the Court adjudicate Defendant guilty of the charges set forth in Counts Two and Four of the Indictment; and the written Plea Agreement be accepted at the time of sentencing. I further recommend that Defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the Plea Agreement, and imposition of sentence are specifically reserved for the District Court Judge.

The Defendant's sentencing hearing is scheduled on **December 19, 2016, at 9:00 a.m**.

**ENTER:**

s/*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review by the district judge of the foregoing findings. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen (14) days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).